UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **RHONDA CORSON,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 2:20-cv-104-DBH |
| | ) | |
| **MODULA, INC.,** | ) | |
| | ) | |
| Defendant | ) | |

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

In this employment discrimination case, the plaintiff Rhonda Corson alleges that her employer, the defendant Modula Inc., fired her on the basis of her sex and age, and retaliated against her for opposing what she believed to be unlawful race and sex discrimination. At the motion to dismiss stage, Modula does not seek a ruling on Corson's retaliation claims, but it does challenge her sex and age discrimination claims. I conclude that with respect to the sex and age discrimination claims, Corson's allegations, if proven, satisfy McDonnell Douglas's prima facie evidentiary standard, generating an inference that Modula discriminated against her. As a result, I conclude that Corson's allegations of discrimination are plausible on their face and therefore meet the pleading standard. I **Deny** Modula's motion to dismiss those claims.

**Procedural Posture**

In her four-count lawsuit, Corson alleges that Modula violated the Maine Human Rights Act (MHRA), the Maine Whistleblowers' Protection Act, Title VII of

the federal Civil Rights Act of 1964, and the federal Age Discrimination in Employment Act by discriminating against her on the basis of sex and age, and by retaliating against her for opposing sex and race discrimination at Modula. Complaint (ECF No. 1). Modula has filed a motion to dismiss the sex and age discrimination claims under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss (ECF No. 9).

## FACTUAL ALLEGATIONS AND BACKGROUND

On a 12(b)(6) motion to dismiss, I take the Complaint's factual allegations as true, and I draw all reasonable inferences in Corson's favor. Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012). Because Modula does not seek to dismiss Corson's claims of retaliation for complaining about race and sex discrimination, Mot. at 1, I focus only on the allegations related to her sex and age discrimination claims. Corson's retaliation claims may be stronger, but that is not the issue on this motion to dismiss the other claims.

Corson is female and was 49 at the time Modula fired her. Compl. ¶¶ 12, 114. She became Modula's Human Resources Manager in May 2017. Id. ¶¶ 13, 14. Her Complaint alleges that her job performance was "exemplary," id. ¶ 15, and it gives specific examples in support. Among other things, she created a new training course, id. ¶ 18; improved the network of staffing agencies the defendant used to fill vacancies, id. ¶ 19; built relationships with outside organizations, id. ¶ 21; advised the company on switching 401(k) providers to save money, id. ¶ 22; moved the company to a new health insurance broker that resulted in lower premium increases, id. ¶¶ 23-26; switched the company's

2

Employee Assistance Plan to one that employees used more often, id. ¶ 28; and advised employees on their benefits, earning their appreciation and gratitude, id. ¶¶ 31-33.

Around October 2017, Corson began receiving reports about inappropriate behavior on the part of Modula's Project Manager for Special Projects. Id. ¶¶ 34, 39. The following spring (2018), she heard from the Factory Manager that the Project Manager "made numerous lewd comments about women and treated women in the workplace with disrespect," among other inappropriate comments. Id. ¶¶ 40-49. Corson repeatedly raised the Project Manager's behavior with Modula's CEO, id. ¶¶ 55-57, who stated that he liked the Project Manager and did not believe the Project Manager's behavior was a problem, id. ¶¶ 63-65. Nevertheless, Modula "issued a final warning" in July of 2018[1] that stated the Project Manager "would be transitioned out of the company when a replacement could be recruited." Id. ¶¶ 66, 68. The Project Manager left the company about six months later. Id. ¶ 75.

Corson alleges that male employees were treated better than she was. For example, when an error by the male Purchasing Manager caused the company to run out of sheet steel, management told employees not to blame the Purchasing Manager. Id. ¶ 110. The male Finance Director received a larger raise in 2018 than anyone else did, even though the CEO told Corson that he knew the Finance Director "was taking advantage of him." Id. ¶ 111. In

---

[1] The Complaint says July 25, 2019, Compl. ¶ 66, but the year must be a typographical error since he finally separated from employment on January 4, 2019, id. ¶ 75.

3

December 2018, Corson received her annual performance review.  She was told she needed to improve her "use of tools and/or technology . . . and be less 'emotional' in the job environment."  Id. ¶ 84.  Corson says both charges were unfounded.  Id. ¶¶ 87, 117.

Modula's CEO told Corson in January 2019 that he was considering firing her because he did not like how hard she pushed on the Project Manager issue.  Id. ¶¶ 88-89.  He fired Corson the next month, explaining that she was "not the right person" for the job.[2]  Id. ¶¶ 95, 100.  At age 49, she was replaced by a 33-year-old man.  Id. ¶ 114.  Her replacement had about 9 years' experience in human resources; Corson had about 20 years' experience in human resources and related fields.  Id. ¶ 115.

## LEGAL STANDARD

To defeat a motion to dismiss, a plaintiff "must allege only 'sufficient factual matter to state a claim to relief that is plausible on its face.'"  Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (quoting Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In determining the complaint's facial plausibility, I examine only its factual allegations, disregarding any conclusory statements or legal allegations.  Morales-Cruz v. Univ. of P.R.,

---

[2] Modula gave additional explanations in a subsequent termination letter and in response to Corson's Maine Human Rights Commission complaint, all of which Corson challenges as unfounded.  See Compl. ¶¶ 116-123.

676 F.3d 220, 224 (1st Cir. 2012).  I "assum[e] the truth of all well-pleaded facts" and draw "all reasonable inferences in the plaintiff's favor."  Id.

## ANALYSIS

### *The Test for an Employment Discrimination Complaint*

A series of Supreme Court decisions has left the circuit courts and, in this circuit, the district courts divided on what a plaintiff must assert in an employment discrimination complaint to avoid a plausibility dismissal.

In McDonnell Douglas, the Supreme Court identified the evidence a plaintiff must produce at summary judgment to generate an inference of discriminatory treatment requiring an employer to produce an alternative legitimate explanation.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  That is called the "prima facie case."  In Swierkiewicz, the Court announced that McDonnell Douglas's prima facie case was an *evidentiary* standard, not a *pleading* standard, and that a plaintiff did not have to plead all the elements of a prima facie case to avoid dismissal.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002).  But the Court decided Swierkiewicz when Conley v. Gibson, 355 U.S. 41, 47 (1957), was still the guiding standard for notice pleading (holding that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").  Later, in Twombly and Iqbal, the Supreme Court backed away from the Conley standard and announced that a plaintiff must allege facts that make her claim "plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Twombly seemed to endorse Swierkiewicz, see id. at 569-70, but Twombly was an antitrust case and

initially some courts and commentators thought it might be limited to that context. E.g., Janice R. Ballard, Bell Atlantic v. Twombly: Has the Court Re-Set the Bar With a Heightened Pleading Standard?, 32 Am. J. Trial Advoc. 183, 198-200 (2008). The later Iqbal decision made clear that plausibility applied to all cases, and Iqbal did not mention Swierkiewicz. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

After those Supreme Court cases, the Second Circuit held that an employment discrimination plaintiff need not plead a prima facie case in her complaint but that, if she does, it is necessarily plausible, and therefore survives a motion to dismiss. Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) ("The plaintiff cannot reasonably be required to allege more facts in the complaint than the plaintiff would need to defeat a motion for summary judgment made prior to the defendant's furnishing of a non-discriminatory justification."). The Ninth Circuit recently explicitly disagreed. Austin v. Univ. of Or., 925 F.3d 1133, 1137 (9th Cir. 2019) ("We read the Second Circuit's application of the McDonnell Douglas presumption at the pleading stage as contrary to Supreme Court precedent, and we decline to embrace that approach.").

The First Circuit is harder to categorize. It has held that, even after Iqbal, the plaintiff is not required to satisfy the prima facie burden at the motion to dismiss stage. Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013); Garayalde-Rijos, 747 F.3d at 24. In that respect, it concluded that Swierkiewicz is still valid:

> [T]he Swierkiewicz holding remains good law. It is not necessary to plead facts sufficient to establish a prima facie case at the pleading stage. See Swierkiewicz, 534 U.S. at 512, 122 S. Ct. 992. This conclusion is bolstered by the fact that the Twombly Court, which first authoritatively articulated the plausibility standard, cited Swierkiewicz with approval. See Twombly, 550 U.S. at 569-70, 127 S .Ct. 1955 (discussing how the new pleading standard does not "run[ ] counter to" Swierkiewicz).
>
> Iqbal does not mention, but is wholly consistent with, Swierkiewicz; there, the Court stressed that, notwithstanding the neoteric plausibility standard, no "detailed factual allegations" are required in a complaint. Iqbal, 556 U.S. at 677-78, 129 S. Ct. 1937 (internal quotation marks omitted). The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint.

Rodriguez-Reyes, 711 F.3d at 54. The First Circuit described the plausibility standard as "enough facts to make entitlement to relief plausible *in light of the evidentiary standard that will pertain at trial—in a discrimination case, the prima facie standard*," and said that "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." Id. (emphasis added).

Although Rodriguez-Reyes was a case where the First Circuit said a complaint need not plead all the elements of a prima case, a magistrate judge in Rhode Island soon read it to mean that pleading a prima facie case is not even sufficient. Reilly v. Cox Enters., Inc., No. CA 13-785S, 2014 WL 4473772, at *9 (D.R.I. Apr. 16, 2014) ("[W]hile the prima facie elements are not irrelevant to the plausibility determination in discrimination suits, they are only part of the background against which a plausibility determination should be made."). A district judge in New Hampshire disagreed. Gascard v. Franklin Pierce Univ., No. 14-CV-220-JL, 2015 WL 1097485, at *4 (D.N.H. Mar. 11, 2015) ("Since they

7

make out a prima facie case, these facts are more than sufficient to state a plausible claim of disability discrimination.").

Around the same time, a decision in this district followed the Rhode Island decision focusing exclusively on plausibility. Lustgarten v. Lowe's Home Ctrs., LLC, No. 2:15-CV-289-NT, 2015 WL 7312442, at *2 & n.4 (D. Me. Nov. 19, 2015) ("[P]leading a prima facie case is not the same as pleading a plausible claim." (quoting Reilly, 2014 WL 4473772, at *8)). Modula urges me to apply that Lustgarten statement and dismiss Corson's case even if I conclude that Corson adequately pleads facts to establish a prima facie case. I agree that a plaintiff need not plead a prima facie case to meet the plausibility standard. But I decline to rule that pleading facts *sufficient* to establish a prima facie case is *insufficient* to meet the plausibility standard.³ Without deciding the issue, Lustgarten expressed doubt over whether the plaintiff there had met the prima facie standard for age discrimination. Id. & n.4. In truth, the plaintiff had omitted "any facts about the age of his replacement," a "telling [omission], as the 'plausibility of an age discrimination claim depends in no small part on allegations about the age of a replacement.'" Lustgarten, 2015 WL 7312442, at *3 (quoting Minahan v. Town of E. Longmeadow, No. 3:12-cv-30203-MAP, 2014 WL 7883586, at *7 (D. Mass. Sept. 11, 2014)). In that respect, Lustgarten implicitly followed O'Connor v. Consolidated Coin Caterers Corp., in which the Supreme Court explained the prima facie requirement:

---

³ The parties' briefings in Lustgarten did not draw the court's attention to Gascard, Reilly, or Littlejohn. See Lustgarten, No. 2:15-CV-289-NT, ECF Nos. 15 (motion to dismiss) & 17 (response).

8

> [T]he prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion. In the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger. Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.

517 U.S. 308, 312-13 (1996). In other words, whether you call it a plausibility defect (Lustgarten) or a prima facie defect (O'Connor), the age of the plaintiff's replacement matters. Here, as I detail below, Corson's Complaint states clearly that Modula filled her position with a much younger male who did not measure up to her qualifications, avoiding the problem found in the pleadings of Lustgarten and satisfying the O'Connor requirement.

### *Application of the Test to the Facts Alleged in This Case*

In this case, Modula argues that Corson does not meet even the prima facie standards, and I turn first to that issue.

### *Prima Facie Standard for Sex Discrimination Claim*

A plaintiff satisfies her prima facie burden in a sex discrimination claim by establishing four elements: "(1) she was within a protected class, (2) [she] possessed the necessary qualifications and adequately performed her job, (3) but was nevertheless dismissed, and (4) her employer sought someone of roughly equivalent qualifications to perform substantially the same work." Gomez-Gonzalez v. Rural Opportunities, Inc., 626 F.3d 654, 662 (1st Cir. 2010) (quoting Rodriguez–Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 58 (1st Cir.

2005)).⁴  The same four elements establish a prima facie case for both the Title VII and MHRA discrimination claims.  Gavrilovic v. Worldwide Language Res., Inc., 441 F. Supp. 2d 163, 177 (D. Me. 2006) ("Maine courts look to Title VII case law in construing the MHRA.").

Corson's factual allegations, taken as true, meet all of those elements. (1) She is female.  Compl. ¶ 12; see 42 U.S.C. § 2000e-2(a)(1) (including sex as a protected class).  (2) She has 20 years' experience in relevant fields.  Compl. ¶ 115.  Her job performance was "exemplary," id. ¶ 15, as demonstrated by her improvement of various programs and services, id. ¶¶ 18-28, and employees' positive responses to her efforts, id. ¶¶ 32-33.  (3) She was fired.  Id. ¶ 95. (4) Modula hired a man with less experience to do the same job.  Id. ¶¶ 114-15. These allegations establish a prima facie case, justifying an inference of sex discrimination in how Modula treated Corson.

***Prima Facie Standard for Age Claim***

For Corson's age discrimination claims, the prima facie standard is much the same, and it applies to both the Maine Human Rights Act claim and the Age Discrimination in Employment Act claim.  Boyajian v. Starbucks Corp., 587 F. Supp. 2d 295, 303 n.3 (D. Me. 2008) ("Maine courts apply the MHRA in accordance with federal anti-discrimination law, including the ADEA.").  "The plaintiff must establish that (1) she was at least forty years old; (2) she was qualified for the position she had held; (3) she was fired; and (4) the employer

---

⁴ Modula cites the fourth element differently, as requiring "that [the plaintiff] was treated differently from similarly situated men.'"  Mot. at 8 (quoting Charette v. St. John Valley Soil & Water Cons. Dist., 332 F. Supp. 3d 316, 349 (D. Me. 2018)).  Firing a female plaintiff only to replace her with a less qualified male certainly meets that requirement.

10

subsequently filled the position, demonstrating a continuing need for the plaintiff's services." Gomez-Gonzalez, 626 F.3d at 662; see also Robinson v. Town of Marshfield, 950 F.3d 21, 25 (1st Cir. 2020) (describing the elements as "(1) he was at least forty years old; (2) his work was sufficient to meet his employer's legitimate expectations; (3) his employer took adverse action against him; and . . . (4) the employer refilled the position, thus demonstrating a continuing need for the plaintiff's services and skill").

Taking Corson's allegations as true, each element is satisfied. (1) Corson was 49 when she was fired.[5] Compl. ¶ 114. (2) She was qualified, as explained in the sex discrimination section above. (3) She was fired. (4) Modula hired a 33-year-old with less experience to do the same job. Id. ¶¶ 112-15. Those factual allegations justify an inference of age discrimination in her termination.

### *Plausibility*

I turn therefore to the issue that has divided the circuits and the judges within this circuit. Does stating facts in the complaint that are sufficient to support a prima facie case suffice also to meet the requirement of a claim that is plausible on its face? I start with Rodriguez-Reyes, the governing authority in this circuit. In Rodriguez-Reyes, the issue was whether a plaintiff had to satisfy the prima facie case standard at the pleading stage. In saying no, the First Circuit said that the prima facie case standard is "a crucible *hotter* than the plausibility standard demands." 711 F.3d at 53 (emphasis added); see also

---

[5] Modula argues that the McDonnell Douglas inference of discrimination is "undercut by the fact that she was hired by Modula while in her late forties." Mot. at 7. What Modula did earlier may be a factor for the jury to consider in determining Modula's motive for her later termination, but it does not change whether Corson has met the prima facie standard.

11

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that the "plausibility standard" is relatively low, "not akin to a 'probability requirement'"). I agree with Gascard that, following Rodriguez-Reyes, if a complaint properly alleges facts to support the "hotter" prima facie elements, it ipso facto satisfies the plausibility standard. See Gascard v. Franklin Pierce Univ., No. 14-CV-220-JL, 2015 WL 1097485, at *4 (D.N.H. Mar. 11, 2015). If a plaintiff succeeds in establishing the elements of the prima facie case at summary judgment, she "creates a presumption that the employer unlawfully discriminated against [her]." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). If she alleges those elements factually in her complaint, how can it be that she does not satisfy the plausibility standard?

A contrary rule would make little sense, *i.e.*, that a plaintiff whose factual allegations "create[d] a presumption" of unlawful discrimination, and could get to a jury in the absence of a defendant's legitimate explanation for the action it took, nevertheless failed to state a "plausible" claim to avoid a motion to dismiss.[6] According to the Supreme Court, "[t]o establish a 'presumption' is to say that a finding of the predicate fact (here, the prima facie case) produces 'a required conclusion in the absence of explanation' (here, the finding of unlawful

---

[6] Modula also argues that Corson cannot establish but-for causation on her age discrimination claim because at various points she claims her termination was also caused by sex discrimination and retaliation. Reply at 3 (ECF No. 14). (Modula does not make that argument as to sex discrimination, where mixed motive still suffices for some relief. 42 U.S.C. § 2000e-2(m).). But a plaintiff is permitted to plead multiple alternative claims, even if her claims are inconsistent. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim . . . alternatively."); id. 8(d)(3) ("A party may state as many separate claims . . . as it has, regardless of consistency.").

12

discrimination).” St. Mary's Honor Center, 509 U.S. at 506.  What Rodriguez-Reyes said was: "a plaintiff must plead enough facts to make entitlement to relief plausible in light of the evidentiary standard that will pertain at trial—in a discrimination case, the prima facie standard." 711 F.3d at 54.[7]  If the pleaded facts meet the prima facie standard, that should suffice.  See Charles A. Sullivan, Plausibly Pleading Employment Discrimination, 52 Wm. & Mary L. Rev. 1613, 1653-54 (2011) (doubtful "that a McDonnell Douglas prima facie case [is] insufficient to satisfy the plausibility standard, because McDonnell Douglas is so well-recognized by circuit court precedent to create a presumption of discrimination").

Modula seems to argue that pleading a prima facie case does not equate to pleading causation.  See Mot. at 6-7.  I disagree.  Nowhere does McDonnell Douglas or any other Supreme Court case suggest that.  How can there be actionable discrimination if there was no causation of adverse employment action?  It is true that if a defendant produces evidence of a legitimate nondiscriminatory reason for the adverse action it took, the plaintiff must prove that discrimination caused the adverse action (as either a "but for" cause or a motivating factor, depending on the cause of action), but we are not yet at this stage because Modula, in moving to dismiss the complaint, has not yet produced evidence of a proper motive.

---

[7] Rodriguez-Reyes went on to say that in fact a plaintiff "need not [even] plead facts sufficient to establish a prima facie case," 711 F.3d at 54, surely a sign that pleading facts sufficient to establish a prima facie case is more than enough.

13

## CONCLUSION

The factual allegations in Corson's complaint, assuming they are true, make out a prima facie case supporting her sex and age discrimination claims. I conclude that since they meet the prima facie case standard, they meet the plausible claim standard and defeat a motion to dismiss. Therefore, the defendant's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 21ST DAY OF JULY, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**